UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| EDWARD LIBBY, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | No. 2:11-cv-152-JAW |
| ERIC LAKE, et al., | ) | |
| *Defendants* | ) | |

## MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT

In this action alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, intentional infliction of emotional distress, and invasion of privacy, the plaintiff moves for leave to amend his complaint for the third time by adding three new counts, for conversion, civil conspiracy, and punitive damages. Second Motion for Leave to File an Amended Complaint ("Motion") (Docket No. 22). I deny the motion because the proposed amendments would be futile.

### I. Applicable Legal Standard

The First Circuit has explained:

A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be freely given when justice so requires, unless the amendment would be futile, or reward, *inter alia,* undue or intended delay.

As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments[.] Once a scheduling order is in

place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, footnotes, and internal quotation marks omitted).

"The appropriateness *vel non* of a district court decision denying a motion to amend on the ground of futility depends, in the first instance, on the posture of the case." *Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). The First Circuit has clarified:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

*Id.* (citations omitted).[1]

In this case, discovery is not complete and none of the parties has moved for summary judgment. The criteria of Rule 12(b)(6), applicable under these circumstances, are the following:

With respect to Rule 12(b)(6), as the Supreme Court has clarified:

---

[1] With respect to the Rule 12(b)(6) standard, the Supreme Court has elaborated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation omitted). Thus, faced with a motion to dismiss, a court must examine the factual content of the complaint and determine whether it can reasonably infer "that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II. Discussion

The plaintiff filed his second amended complaint with the court's permission, *nunc pro tunc*, on July 14, 2011. Docket Nos. 11, 14. This motion was filed on October 21, 2011, which was the deadline for amendment of the pleadings. Docket Nos. 17 & 22. The plaintiff's deadline for designating expert witnesses was November 18, 2011, and the discovery deadline is February 13, 2012. Docket No. 25.

The plaintiff seeks to add two counts alleging conversion and civil conspiracy, and a third count to recover punitive damages, in this action currently alleging violation of 15 U.S.C. §1681n, intentional infliction of emotional distress, and invasion of privacy. Second Amended Complaint (Docket No. 11). The defendants oppose the motion, contending that they will be

3

unduly prejudiced by the proposed additional counts, that the claims for conversion and civil conspiracy are futile, and that the plaintiff has had enough time and attempts to cure any deficiencies in his complaint and should not be allowed any more. Opposition of Defendants Eric and Shelly Lake to Plaintiff's Motion for Leave to File a Third Amended Complaint ("Opposition") (Docket No. 26) at 2-6; Defendant Tenant-Net, Inc.'s Opposition to Plaintiff's Second Motion for Leave to File an Amended Complaint (Docket No. 27) (joining in Lake defendants' motion).

### A. Factual Background

The second amended complaint alleges the following relevant facts. The plaintiff and defendant Shelly Lake apparently are parents of a minor child. On January 26, 2010, the plaintiff filed a motion to modify child support in the Maine District Court in Portland. Second Amended Complaint (Docket No. 11) ¶ 8. On or about January 29, 2010, a rental application was filled out on Padzilla.com, a service mark of defendant Tenant-Net, Inc., listing the plaintiff as the applicant and defendant Shelly Lake as the landlord. *Id*. ¶¶ 5, 9-10.

The application authorized Tenant-Net, Inc. to pull the plaintiff's credit report and past criminal, credit, and rental history. *Id*. ¶ 11. Subsequently, the plaintiff's credit report was furnished to "elake@maine.rr.com." *Id*. ¶ 12. The plaintiff did not fill out this or any other rental application. *Id*. ¶ 13. On or about November 18, 2010, the plaintiff, while making a routine inspection of his credit report, detected an entry for this inquiry. *Id*. ¶ 14.

The defendants conspired to obtain a consumer report under false pretenses in order to obtain financial information that would assist defendant Shelly Lake in defending against the plaintiff's motion to modify child support. *Id*. ¶ 17. The defendants knowingly and falsely attested that the information supplied in the application was true and complete. *Id*. ¶ 18. The

defendants' actions have caused irreparable harm to the plaintiff's credit score and placed him in danger of identity theft. *Id*. ¶ 20.

## B. Futility

The plaintiff asserts that he would like to add the three new counts "in response to" defendant Eric Lake's answer to the amended complaint, in which Lake "indicated that he alone knowingly and falsely attested to the validity of the information provided on the Padzilla.com site." Motion at [2]. But that admission is not reflected in the proposed Third Amended Complaint, which continues to allege that all of the defendants "knowingly and falsely attested that the information supplied in the Application was true and complete[.]" [Proposed] Third Amended Complaint (Docket No. 23) ¶ 19. Further, and more importantly, that admission does not provide any basis for the proposed additional claims of conversion and civil conspiracy.

Thus, on the showing made, there is little justification for the proposed new causes of action. In addition, the proposed Counts IV and V for conversion and civil conspiracy, respectively, fail to state claims upon which relief may be granted.

### 1. Conversion

Under Maine law, the tort of conversion does not include appropriation of information that is not "customarily merged in or identified with some document." *Northeast Coating Techs., Inc. v. Vacuum Metallurgical Co.*, 684 A.2d 1322, 1324 (Me. 1996). The information at issue here, an individual's credit rating and associated information, is not customarily merged in or identified with a particular document. Accordingly, the proposed Count IV fails to state a claim upon which relief may be granted, *see Diamond Phoenix Corp. v. Small*, No. 05-79-P-H, 2005 WL 1530264, at *7 (D. Me. June 28, 2005), and the doctrine of futility bars the plaintiff's attempt to add it to his complaint.

## 2. Civil Conspiracy

Maine law[2] requires the pleading of the commission of an independently recognized tort to sustain a claim for civil conspiracy. *Lariviere v. Bank of N.Y.*, Civil No. 09-515-P-S, 2010 WL 2399583, at *7 (D. Me. May 7, 2010). That requirement is met in this case by the allegation of intentional infliction of emotional distress in Count II, Second Amended Complaint ¶¶ 21-25, but civil conspiracy under Maine law is not a separate tort but rather a rule of vicarious liability. *Johnson v. Town of Gorham*, Civil No. 07-188-P-S, 2008 WL 4816521, at *11 (D. Me. Oct. 31, 2008) (quoting *Forbis v. City of Portland*, 2003 WL 2120675, at *19 (D. Me. May 29, 2003)). There are no allegations of vicarious liability in the proposed Third Amended Complaint. In any event, civil conspiracy is generally not an independent tort under Maine law. *Fiacco v. Sigma Alpha Epsilon Fraternity*, 484 F.Supp.2d 158, 176 (D. Me. 2007); *Forbis v. City of Portland*, 270 F.Supp.2d 57, 61 (D. Me. 2003).

Count V of the proposed Third Amended Complaint fails to state a claim upon which relief may be granted and thus meets the test for futility.

## 3. Punitive Damages

The last proposed amendment at issue is presented as Count VI, a claim for punitive damages. A claim for punitive damages is not a separate and distinct cause of action under Maine law. *Goldenson v. Steffens*, __ F.Supp.2d __, 2011 WL 3424246, at *28 (D. Me. Aug. 4, 2011). The count, therefore, would be subject to dismissal, and thus the proposed amendment is futile. *Id*.

However, the plaintiff should be allowed to seek punitive damages. *Id*. The trial judge will decide whether this demand is already included in the general demand for damages in the

---

[2] The proposed Third Amended Complaint does not make clear whether the civil conspiracy claim is asserted under federal law, which would be governed by 42 U.S.C. § 1983, or state law, but the allegations of the proposed new Count V cannot be read to invoke federal law.

second amended complaint or must be pleaded specifically in the damages demand. In the latter case, such an amendment should be permitted.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion for leave to amend the complaint a third time is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of December, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge