*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *EDWARD LIBBY,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:11-cv-152-JAW* |
| | ) | |
| *ERIC LAKE, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION ON JOINT MOTION TO RESOLVE SETTLEMENT DISPUTE*

The parties, having reached a settlement agreement during a settlement conference with the court, now find themselves unable to agree on the precise terms of that agreement. Each side also contends that the other has breached the settlement agreement.

## I. Factual Background

The handwritten agreement reached at the settlement conference provides, in its entirety:

> The undersigned parties agree to resolve all the claims set forth in the matter captioned Edward Libby v. Eric Lake, Shelly Lake, and Tenant-Net, Inc. v. Eric Lake and Shelly Lake, Civil Action No. 11-cv-152-JAW currently pending in U.S. District Court for the District of Maine. In exchange for a payment of $5000 by Eric Lake, Shelly Lake and Tenant-Net, Inc. to Edward Libby, Mr. Libby agrees to dismiss his complaint with prejudice and without costs. Shelly Lake agrees to dismiss her counter-claim against Mr. Libby with prejudice and without costs. Tenant-Net, Inc. further agrees to dismiss its cross-claims against the Lakes with prejudice and without costs.

> The parties agree to file the necessary stipulation of dismissal and execute a more formal settlement agreement with a confidentiality agreement.

1

Agreement, Exh. A to Joint Motion to Resolve Settlement Dispute ("Motion") (ECF No. 37). The agreement is dated March 1, 2012. *Id.*[1]

The parties agree that the attorneys spoke by telephone on March 12, 2012, about the settlement. Motion at 2; Plaintiff's Response to Joint Motion to Resolve Settlement Dispute ("Plaintiff's Response") (ECF No. 38) at [1]. During the conversation, the defendant's attorney took the position that the confidentiality provisions of the settlement agreement would not preclude defendant Eric Lake from discussing the settlement agreement with the Cumberland County District Attorney's office in connection with his related criminal charge. Motion at 2; Plaintiff's Response at 2. The defendants' attorney also emailed to the plaintiff's attorney that day a proposed draft of the settlement agreement. *Id.* The attorney for Tenant-Net agreed to the relevant proposed language. Motion at 3. The plaintiff's attorney did not respond immediately. *Id.*

On March 15, 2012, the defendants' attorney discussed the settlement agreement with an assistant district attorney during plea negotiations for Eric Lake. Motion at 3; Plaintiff's Response at 2. On March 28, 2012, the plaintiff's attorney emailed the defendants' attorney, stating that the disclosure to the assistant district attorney was a breach of the settlement agreement. Exh. A to Plaintiff's Response. He also declined to provide the plaintiff's social security number as requested and asked that all provisions regarding Medicare and Medicaid be removed from the draft. *Id.* The defendants refused to agree to these changes. Plaintiff's Response at [3].

Tenant-Net's attorney gave repeated assurances that it would not share the information, which was required by its insurer, with others, and agreed that the information could be redacted

---

[1] Although styled a "Joint Motion," the motion was filed by the defendants only, and not the plaintiff.

from all copies of the agreement other than its copy.  Motion at 4.  He also indicated that Tenant-Net would be willing to enter into a separate side agreement with the plaintiff.  *Id*.

On April 12, 2012, the plaintiff filed a motion in state court to modify the Protection from Abuse Order that defendant Shelly Lake had obtained against him.  *Id*.  In that motion, the plaintiff disclosed the settlement agreement.  *Id*.  On April 25, 2012, the plaintiff's attorney re-circulated his proposed draft omitting the language regarding confidentiality and Medicare.  Plaintiff's Response at [3].  The defendants did not respond, but filed the instant motion on April 30, 2012.  Docket.

## II.  Discussion

The defendants ask this court to order the plaintiff to sign their version of the settlement agreement, and to award them costs associated with their motion and unspecified sanctions.  Motion at 5.  The plaintiff asks the court to find that one or more of the defendants breached the confidentiality agreement, order the defendants to sign his version of the agreement, and award him his costs in connection with this motion.  Plaintiff's Response at [4].

It is impossible to discern from the language of the only written settlement agreement into which the parties have so far entered whether either the plaintiff or Eric Lake breached any term imposing confidentiality.  All that the parties promised was to enter into an otherwise unspecified confidentiality agreement.  Nor will I order any party to enter into an agreement, including a confidentiality clause, that would forbid the disclosures that have already taken place, as that would be a meaningless gesture.  While there may still be some specific term of confidentiality that would be of value to both sides, none is apparent from their submissions.  In sum, under the circumstances presented, there is no confidentiality term in effect that could have been breached.

With respect to Tenant-Net's requested information, the plaintiff states as follows:

> Mr. Libby is not eligible for Medicare and is not a Medicaid subscriber. This matter does not involve the types of claims which the Center for Medicare and Medicaid Services or Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 is concerned with.  The requirements under Section 111 relate only to Medicare claimants.  Mr. Libby is obviously ineligible for Medicare.
>
> * * *
>
> It is not surprising that Mr. Libby is concerned with confidentiality and disclosure of his personal information in this matter given the facts of this case.  Mr. Lake stole his social security number and used it to illegally view Mr. Libby's credit report.  Such an invasion caused Mr. Libby to feel violated, vulnerable and anxious about the security of his personal information.  He simply wants to be able to safeguard himself by not disclosing unnecessary personal information to Tenant-Net.

Plaintiff's Response at [2]-[3].

The explanation presented in the defendants' joint motion is the following:[2]

> Counsel for Mr. Libby also objected to language submitted by Tenant-Net's insurer that is required under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.  The language acknowledges that the Center for Medicare and Medicaid Services ("CMS") must be provided with certain information on Mr. Libby, discusses the treatment of and indemnity related to Medicare or other medical care liens, and discusses a Medicare set aside.  The language is required by Tenant-Net's insurer in order to issue payment, as the insurer is required by law to report payments to CMS lest it be subject to liability and substantial fines.  The insurer is required to report all liability claims to CMS in order to verify if the claimant is Medicare and/or Medicaid eligible, even claims involving errors and omissions insurance, regardless of whether any actual physical or emotional injury has been alleged.  Counsel for Tenant-Net has given repeated assurances that the information will not be shared with others, and has stated that the information can be redacted on all releases other than Tenant-Net's.  Additionally, Tenant-Net's counsel informed Mr. Libby's counsel that if Mr. Libby is still concerned about placing his information on the global agreement, Tenant-Net is willing to enter into a separate side agreement with Mr. Libby.

Motion at 3-4 (citation omitted).

---

[2] The motion is only signed by counsel for the Lakes but is filed on behalf of the Lakes and Tenant-Net.

The information at issue is the plaintiff's "full address, Social Security Number, date of birth, gender, and, if available, [his] Medicare Health Insurance Claim Number ('HICN')." [Draft] Release and Settlement Agreement (ECF No. 37-2) at [2].  All of this information, with the exception of the HICN, which apparently does not exist, is likely already known by the parties, given the factual allegations of the complaint.  Tenant-Net's offers to take steps to safeguard this information appear to me to be eminently reasonable.  The plaintiff's refusal to provide the requested information is not reasonable.

However, ordering the plaintiff to provide this information in either of the alternative formats proffered by Tenant-Net would resolve only one of the parties' disputes.  The confidentiality issue remains unresolved.  Given the fact that both sides have revealed information about the settlement to third parties, insistence upon a confidentiality term in the written settlement agreement that would bar such disclosures seems quixotic.  A more specific confidentiality clause would not necessarily be barred, however.

The plaintiff does not dispute that he now refuses to include any confidentiality clause in the settlement agreement.  This insistence appears to be unreasonable under the circumstances, as a confidentiality clause precluding disclosure after the date of the most recent disclosure, for example, would conceivably serve a valid and understandable purpose.  Due to the broad nature of the reference to confidentiality in the executed agreement to agree, it is not possible for the court to impose such language upon the plaintiff.

Under the circumstances, and unfortunately, the parties must return to the table and renegotiate the settlement to address the confidentiality issue.  The court will again provide a forum for that negotiation, if requested, but only if such a request is made by all parties within 30 days of the date of this decision.  If an agreement on the issue of confidentiality is not reached

within 45 days of the date of this decision, the settlement reached on March 1, 2012, will be declared void, and this matter will again be subject to a scheduling order to be issued by the court in anticipation of trial.  If that outcome prevails, the parties will be ordered to report to the parties to whom or which the initial settlement was reported, specifically the office of the District Attorney for Cumberland County and the Maine District Court, that settlement in fact has not been reached in this action, so that those entities may take whatever further action they may deem appropriate.

Dated this 13th day of July, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge